**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gustavo Alberto ABURTO–LAUREL,
Defendant–Appellant.**

**No. 09–50377.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.[*]

Filed Jan. 11, 2010.

Alessandra Serano, Assistant U.S., Daniel Earl Zipp, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Sara Marie Peloquin, Esquire, Assistant Federal Public Defender, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM [**]

Gustavo Alberto Aburto–Laurel appeals from the 24–month sentence imposed upon

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Aburto–Laurel contends that the district court procedurally erred by failing to expressly calculate the applicable range under Chapter 7 of the Sentencing Guidelines. Reviewing for plain error, *see United States v. Hammons,* 558 F.3d 1100, 1103 (9th Cir.2009), we reject this contention because Aburto–Laurel has not shown that his substantial rights were affected by any error. *Cf. id.* at 1105–06 (concluding that the district court's failure to calculate the appropriate guideline range *in addition to* its reliance on an incorrect criminal history category calculation constituted plain procedural error that affected the defendant's substantial rights).

Aburto–Laurel also contends that the sentence, which is at the statutory maximum, is substantively unreasonable. The record reflects that the district court imposed the sentence based upon the factors under 18 U.S.C. § 3583(e), including the need for deterrence. In light of the totality of the circumstances, the sentence is not substantively unreasonable. *See United States v. Carty,* 520 F.3d 984, 993 (9th Cir.2008) (en banc); *United States v. Simtob,* 485 F.3d 1058, 1061, 1063 (9th Cir. 2007).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).